UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZEPHANIAH PAUL MOSELEY,                    No.  2:26-cv-2221 CKD P

          Plaintiff,

     v.                                    ORDER

PLUMAS COUNTY, et al.,

          Defendants.

Plaintiff is a county jail inmate proceeding pro se in an action brought under 42 U.S.C. § 1983.  Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 3) is denied without prejudice.

Dated:  July 1, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/ks
mose2221.31.new

2